IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-50771
Summary Calendar
_____

VIOLA PENA

                                        Plaintiff-Appellant,

                        versus

COMPASSIONATE CARE, INC.

                                        Defendant-Appellee.


_____

Appeal from the United States District Court
for the Western District of Texas
(MO-98-CV-179)
_____

March 15, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

        Viola Pena claims that Compassionate Care, Inc., her former
employer, discriminated against her because of her national origin
in violation of Title VII of the Civil Rights Act of 1964.  She
alleges that Compassionate Care fired her because she is Hispanic.
Judge L. Stuart Platt, United States Magistrate Judge, granted
summary judgment for Compassionate Care, and Pena appeals.  Because
the competent summary judgment evidence before the lower court did

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not raise a material fact issue that national origin was a motivating reason for Pena's termination, we AFFIRM.

The analysis for Title VII discrimination claims is well-established. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993). The plaintiff must demonstrate a prima facie case that the defendant made an employment decision that was motivated by a protected factor. Once the plaintiff makes out a prima facie case, the defendant bears the burden of producing evidence that its employment decision was based on a legitimate nondiscriminatory reason. The burden then shifts back to the plaintiff to prove that the defendant's proffered reasons were a pretext for discrimination. *See Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1089 (5th Cir. 1995).

Assuming Pena were to establish a prima facie case, Pena fails to present competent summary judgment evidence to rebut Compassionate Care's proffered reason for her termination: that Pena submitted a false mileage claim after having been warned not to do so when had previously submitted a false claim. Pena argues that similarly situated white employees were treated more favorably than she was, but this argument is invalid. The white employees whom Pena claims were similarly situated did not, like Pena, submit a false mileage claim after having previously done so and been warned about it. Thus, Pena provides no evidence to show that the true reason she was terminated was because she was Hispanic.

For the foregoing reasons, we AFFIRM.